IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BAHTISHAHE H.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 24 C 7735 |
| v. | ) |
| | ) Magistrate Judge |
| LELAND DUDEK, Acting | ) Daniel P. McLaughlin |
| Commissioner of Social Security,[2] | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Bahtishahe H.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [19] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [25] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Leland Dudek has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On March 31, 2021, Plaintiff filed claims for DIB and SSI, alleging disability since February 13, 2021. The claims were denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). An online video hearing was held on August 18, 2021. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified via telephone.

On December 1, 2023, the ALJ denied Plaintiff's claims for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of February 13, 2021. At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease in the lumbar spine; osteopenia; and fibromyalgia. The

2

ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: can frequently handle and finger bilaterally; can frequently climb ramps and stairs; can occasionally climb ladders, ropes, or scaffolds; can occasionally balance and crawl; and can frequently stoop, kneel, and crouch. At step four, the ALJ determined that Plaintiff is capable of performing her past relevant work as a hair stylist. Accordingly, the ALJ concluded that Plaintiff is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former

occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and

means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ's finding that Plaintiff could perform her past relevant work cannot stand given the Agency's recent ruling on past relevant work; (2) the ALJ erred in assessing raw diagnostic findings; (3) the ALJ erroneously failed to assess Plaintiff's fatigue; (4) the ALJ erred by failing to compare the requirements of past work to Plaintiff's abilities; and (5) the ALJ failed to properly assess Plaintiff's symptoms. The Court will consider Plaintiff's arguments below.

### A. Social Security Ruling 24-2p

Pointing to the ALJ's finding that Plaintiff was capable of performing her past relevant work as a hair stylist, Plaintiff first argues that "[t]he past relevant work finding . . . cannot stand given the Agency's new Ruling [SSR 24-2p]." ([19] at 2.) Plaintiff's contention that SSR 24-2p provides a basis for reversal is easily disposed of, as SSR 24-2p became effective on June 22, 2024 and was not in place at the time of the ALJ's decision (December 2023). *See Aubrey L. v. O'Malley*, No. 24 C 7055, 2025 WL 461437, at *2 n.2 (N.D. Ill. Feb. 11, 2025). *See also John H. v. Comm'r of Soc. Sec.*, No. C24-5250-MLP, 2024 WL 4529264, at *2 (W.D. Wash. Oct. 18, 2024) ("Plaintiff contends the ALJ applied outdated rules regarding past relevant work. A reviewing court must evaluate an ALJ's decision based on the 'law[s] in effect at the time of the ALJ's decision.' Regulations in place at the time of the ALJ's December 2023 decision provided that work performed within the past 15 years qualified as 'past relevant work.' Although new regulations [SSR 24-2p]

6

limiting this window to five years took effect in June 2024, they are not relevant to this case. The ALJ applied the correct pre-2024 rules, and Plaintiff's argument fails as a result.) (citations omitted); *Minnis v. Commissioner*, No. 24-11281, 2025 WL 974570, at *3-4 (11th Cir. Apr. 1, 2025); *Dawn Louise M. v. O'Malley*, No. 4:24-CV-00130-DKG, 2024 WL 4388155, at *4 (D. Idaho Oct. 3, 2024).

However, for the reasons explained below, the Court finds that remand for further proceedings is required. On remand, the Agency will be required to apply SSR 24-2p. *See* SSR 24-2p, 2024 WL 3291790, at *2 n.1 ("If a court reverses our final decision and remands a case for further administrative proceedings after the applicable date of this SSR, we will apply this SSR to the entire period at issue in the decision we make after the court's remand."); *Kimberly C. v. O'Malley*, No. CV SAG-21-0873, 2025 WL 316234, at *2, n.4 (D. Md. Jan. 27, 2025) ("Once remanded, however, the SSA will apply the current regulations.").

B.     **The ALJ's Assessment of Raw Diagnostic Medical Evidence**

Plaintiff asserts that the ALJ erred in considering "complex raw test results" – namely, an October 2023 MRI – as such medical evidence "should not be interpreted by an ALJ but rather should be submitted by the ALJ to a medical professional for input." ([19] at 6-8.) Pertinent to Plaintiff's argument, in his decision, the ALJ noted that the MRI in question "references lumbar spine disc degeneration." (R. 20.) The ALJ further stated that the MRI showed the following:

> L/3/4 level: discal degeneration. Fibrous annular fissure and dorsal . . . -medial discal protrusion with dural irritation without signs of neural compression. Neural foramina are clear. Bilateral facet arthrosis.

7

> L4/5 level: discarthrosis, circumferential disc bulge, bilateral facet arthrosis. Ligamentum flavum hypertrophy.
>
> L5/S1 level: discarthrosis, with modic type-2 vertebral endplate degenerative changes. Slight narrowing of the intervertebral space. Dorsal-medial disc protrusion, with dural irritation and S1 neural root irritation. Neural foramina slightly stenotic.

(*Id.* at 23.)

The Seventh Circuit has stated repeatedly that an ALJ may not "play[] doctor and interpret new and potentially decisive medical evidence without medical scrutiny." *McHenry v. Berryhill*, 911 F.3d 866, 871 (7th Cir. 2018) (internal quotations omitted). As such, "the ALJ must seek an additional medical opinion if there is potentially decisive evidence that postdates the state agency consultant's opinion." *Brian M. v. Kijakazi*, No. 22-CV-191, 2023 WL 5852193, at *5 (N.D. Ill. Sept. 11, 2023) (citation omitted). The Seventh Circuit "has been especially critical of ALJs' attempts to deduce the meaning of complex medical documents, such as MRIs." *Tobias B. v. Kijakazi*, No. 20-CV-2959, 2022 WL 4356857, at *6 (N.D. Ill. Sept. 20, 2022) (citations omitted). Furthermore, "courts in this circuit have held on numerous occasions [that] it is for doctors, and not ALJs to interpret x-rays, MRIs, and other raw medical data, even if those scans appear to be mild or unremarkable." *Theresa M. v. Saul*, No. 19 C 3135, 2020 WL 7641286, at *5 (N.D. Ill. Dec. 23, 2020) (citations omitted).

Based on this legal authority, the Court finds that the ALJ erred by independently considering potentially decisive raw medical data bearing upon Plaintiff's spinal conditions and factoring such medical evidence into his decision. *See Lori K. v. O'Malley*, No. 22 C 50367, 2024 WL 5239412, at *5 (N.D. Ill. Dec. 27,

8

2024) ("While a radiologist characterized the x-rays as showing mild degenerative changes, the ALJ, and not a doctor, decided what that meant with respect to Plaintiff's pain. Therefore, the ALJ's determination was thus not supported by substantial evidence."). The ALJ's error in that regard requires that this matter be remanded. *See Kemplen v. Saul*, 844 F. App'x 883, 887 (7th Cir. 2021) ("Although a close question, we conclude that the ALJ erred by not soliciting an updated medical opinion interpreting Kemplen's July and September 2017 X-rays."); *Apr. T. v. Saul*, No. 20-CV-1670, 2022 WL 972323, at *3 (N.D. Ill. Mar. 31, 2022) ("[I]t appears as though the ALJ interpreted a number of medical documents without the benefit of medical scrutiny. The ALJ's interpretation of raw medical evidence was error. . . .Given these significant shortcomings, the Court finds that the ALJ did not fully and fairly develop the record such that remand is warranted.") (citations omitted).

### C. Plaintiff's Fatigue

Plaintiff argues that the ALJ erred because he "did not set forth an assessment of [Plaintiff's] significant fatigue and corresponding work limitations." ([19] at 8-10.) In advancing that contention, Plaintiff asserts that "[t]he record repeatedly documented her fatigue and tiredness." (*Id.* at 9 (citing R. 50, 62, 400, 402, 408, 446, 448, 482).) In his decision, the ALJ acknowledged that one of Plaintiff's alleged "main problems" was that she "felt tired [and] fatigued." (R. 21.) The ALJ further noted Plaintiff's testimony that she "could not work due to . . . fatigue." (*Id.* at 22.) However, the ALJ did not provide any actual analysis of Plaintiff's asserted fatigue problems.

9

Under the circumstances, the Court agrees with Plaintiff that the ALJ's consideration of her fatigue falls short of what is required. In light of Plaintiff's documented issues with fatigue, the ALJ was required to fulsomely "discuss [the claimant's] fatigue and how it might affect her job performance." *Holland v. Barnhart*, No. 02 C 8398, 2003 U.S. Dist. LEXIS 15599, at *24-25 (N.D. Ill. Sep. 4, 2003). The ALJ did not do that. Merely acknowledging Plaintiff's fatigue is insufficient. *See Collins v. Berryhill*, No. 17 C 3589, 2018 U.S. Dist. LEXIS 114090, at *10 (N.D. Ill. July 10, 2018); *Lopez v. Berryhill*, 340 F. Supp. 3d 696, 701 (N.D. Ill. 2018). The ALJ's failure to properly account for Plaintiff's fatigue is another error requiring that this matter be remanded. *See Allen v. Astrue*, No. 06-CV-4660, 2008 U.S. Dist. LEXIS 109559, at *33-34 (N.D. Ill. Nov. 13, 2008) ("Despite these numerous references [to fatigue], it is unclear if, or to what extent, ALJ White considered Allen's fatigue in concluding that he has the residual functional capacity to perform light work with certain specified limitations. On remand, the ALJ must discuss how Allen's fatigue affects his ability to work.") (citations omitted).

D. **Remaining Arguments**

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that all medical evidence is properly considered, Plaintiff's ability to perform her past

10

relevant work is properly evaluated, and Plaintiff's alleged symptoms are properly assessed.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [19] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [25] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order. As specified above, on remand, SSR 24-2p shall be applied. Further, the Commissioner shall take the appropriate steps to obtain an updated medical review of the diagnostic evidence discussed in this Order.

**SO ORDERED.**          **ENTERED:**

**DATE:     April 8, 2025**

**HON. DANIEL P. McLAUGHLIN**
**United States Magistrate Judge**

11